IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AUBREY TUMLINSON,

    Plaintiff,

    v.

S.E. CEMETERIES of MARYLAND, INC.
d/b/a DRUID RIDGE CEMETERY,

    Defendant.

Case No. 1:24-cv-0140-MJM

**MEMORANDUM**

Plaintiff Aubrey Tumlinson, acting pro se, brings this action against Defendant S.E. Cemeteries of Maryland, Inc. d/b/a Druid Ridge Cemetery, alleging disability discrimination and/or retaliation in violation of the Americans with Disabilities Act ("ADA"). *See* Compl. (ECF No. 4) at 13. Plaintiff's claims arise out of her employment with Defendant from April 29, 2019, to February 15, 2021. *Id.* ¶ 1. Plaintiff filed her initial Complaint in the Circuit Court for Anne Arundel County, Maryland, on October 3, 2023. ECF No. 1-4. Defendant removed the action to this Court on January 16, 2024. ECF No. 1. On January 23, 2024, Defendant filed the currently pending Motion to Dismiss (the "Motion"). ECF No. 8. On January 24, 2024, the Clerk of this Court issued a notice to Plaintiff notifying her of her right to file a response to the Motion within 28 days and warning that dismissal of the case could result if the Motion is granted. ECF No. 9. Plaintiff did not file an opposition to the Motion. No hearing is necessary to resolve the Motion. *See* L. R. 105.6 (D. Md. 2023). For reasons stated herein, the Motion is GRANTED.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon

1

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). To survive a

12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to

relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[1]

In this case, Plaintiff alleges discriminatory discharge under the ADA. "The ADA prohibits

wrongful discharge as a form of disability discrimination.[]" *Kelly v. Town of Abingdon, Virginia*,

90 F.4th 158, 169 (4th Cir. 2024); *see also* 42 U.S.C. § 12112(a) (prohibiting covered employers

from discriminating "against a qualified individual on the basis of disability . . ."). "To state a

claim for wrongful discharge, the plaintiff must allege that '(1) [s]he was a qualified individual

with a disability; (2) [s]he was discharged; (3) [s]he was fulfilling h[er] employer's legitimate

expectations at the time of discharge; and (4) the circumstances of h[er] discharge raise a

reasonable inference of unlawful discrimination.'" *Kelly*, 90 F.4th at 169 (citation omitted). Even

assuming Plaintiff was "a qualified individual with a disability,"[2] *Kelly*, 90 F.4th at 169, the

Complaint does not sufficiently satisfy the third and fourth elements of a wrongful discharge claim

under the ADA.

Regarding the third element, Plaintiff does not allege that she performed her job at a level

that met Defendant's legitimate expectations at the time of her discharge. Plaintiff need not allege

that she was "a perfect or model employee." *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 380

(4th Cir. 2022) (internal quotation marks and citation omitted). She must, however, allege that she

---

[1]     Filings by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court will not "attempt to discern the unexpressed intent of the plaintiff," but will "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (internal quotations and citation omitted).

[2]     Plaintiff alleges she was diagnosed with obsessive compulsive disorder (OCD) and panic disorder at a young age. Compl. ¶ 2.

"was qualified for the job and . . . meeting [her] employer's legitimate expectations." *Id.* Under this element, "[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." *Giles v. Nat'l R.R. Passenger Corp.*, 59 F.4th 696, 704 (4th Cir. 2023) (internal quotation marks and citation omitted). Here, Plaintiff does not allege satisfactory job performance. To the contrary, the Complaint recognizes multiple issues between Plaintiff and her employer regarding her job performance and requirements. *See, e.g.*, Compl. ¶¶ 5, 7–8, 11. Ultimately, Plaintiff was terminated "for violations of . . . cash handling procedures." Compl. ¶ 11. These facts undermine any plausible inference that Plaintiff was meeting Defendant's legitimate expectations when she was discharged. Thus, Plaintiff's discriminatory discharge claim fails as to the third element.

Regarding the fourth element, the Complaint fails to allege circumstances of Plaintiff's dismissal that support a reasonable inference of unlawful discrimination. Plaintiff fails to allege any facts to suggest that her termination was the product of a discriminatory motive based on her medical conditions. *See* Compl. ¶ 11. "The mere fact that a certain action is potentially consistent with discrimination does not alone support a reasonable inference that the action was motivated by bias." *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). If the court must "'speculate' to 'fill in the gaps'" regarding the defendant's motive, the circumstances do not support a reasonable inference of discrimination. *See id.* (quoting *McCleary-Evans v. Md. Dep't of Transp., State Hwy. Admin.*, 780 F.3d 582, 586 (4th Cir. 2015)). Here, the Complaint fails to raise a reasonable inference of disability discrimination. Plaintiff alleges no facts suggesting Defendant harbored a discriminatory bias or motive. Plaintiff's ADA discrimination claim must therefore be dismissed.

Plaintiff also alleges she was subject to unlawful retaliation. The ADA prohibits employers from retaliating against employees for opposing practices made unlawful by the ADA or participating in ADA enforcement proceedings. *See* 42 U.S.C. § 12203(a). To state a *prima facie* claim for retaliation under the ADA, a plaintiff "must allege (1) that they engaged in protected conduct, (2) that they suffered an adverse action, and (3) that a causal link exists between the protected conduct and the adverse action. *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011) (citation omitted). Plaintiff's ADA retaliation claim fails because the Complaint fails to allege that Plaintiff engaged in any protected conduct. Plaintiff alleges only that she took time off from work due to heightened levels of anxiety. Compl. ¶ 2. This conduct constitutes neither opposition to an unlawful practice under the ADA nor participation in any investigation or proceeding under the ADA. Thus, Plaintiff fails to state a plausible claim for retaliation under the ADA.

For the foregoing reasons, Defendant's Motion to Dismiss will be GRANTED, and the Complaint will be DISMISSED without prejudice.

As separate Order shall issue.

June   4th  , 2024

_____
Matthew J. Maddox
United States District Judge